IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK S. WELLMAN,

        Plaintiff,

vs.                                                                                   CIV 13-1122 KBM

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant.

# MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (*Doc. 15*) filed on June 4, 2014, and fully briefed August 21, 2014 (*Doc. 18*).  Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment.  *Doc. 9*.  Having carefully reviewed the parties' submissions and the administrative record, the Court grants the motion and remands this case for further proceedings.

**I.**        **Background and Procedural History**

Plaintiff was 55 years old when he applied for Social Security Disability Benefits on June 17, 2010, alleging disability since June 30, 2009, due to depression and anxiety, hypertension, diabetes, high cholesterol, and acid reflux.  AR 44, 109.[1]  Plaintiff has a high school education and a history of working as a business consultant for BP

---

[1] Documents 7-1 through 7-14 comprise the sealed Administrative Record ("AR").  When citing the record, the Court cites the AR's internal pagination, rather than the CM/ECF document number and page.

Products North America Inc. AR 29, 44, 110, 139. After Plaintiff's applications were denied initially and upon reconsideration, he requested a hearing before an administrative law judge ("ALJ"), which took place before ALJ Thomas Bundy on May 23, 2012. AR 26, 41, 42, 57-58.

The ALJ issued his decision on June 29, 2012. AR 12-25. Using the five-step sequential evaluation process,[2] the ALJ found: at Step One, Plaintiff was not engaged in substantial gainful activity; at Step Two, Plaintiff had severe impairments including depression, diabetes, and hypertension; at Step Three, Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments; at Step Four, Plaintiff had the residual functional capacity ("RFC") to perform medium, unskilled work; and, at Step Five, jobs exist in significant numbers in the national economy that he can perform. Accordingly, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act. AR 20. Plaintiff's request that the Appeals Council review the unfavorable decision was denied leaving the ALJ's decision as the final decision of the Commissioner. AR 1-7.

## II.    The Alleged Errors

---

[2] Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520. Step One requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step Two requires that the claimant establish that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. 20 C.F.R. § 404.1520(C). If the claimant is engaged in substantial gainful activity (Step One) or if the claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, the claimant's impairment is compared with certain impairments listed in 20 D.F.R. Pt. 404, Subpt. P, App. 1 ("Listings"). A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If the claimant does not meet a listing, the evaluation proceeds to Step Four, where the claimant must establish that she does not retain the residual functional capacity ("RFC") to perform her past relevant work. If the claimant's Step-Four burden is met, the burden shifts to the Commissioner to establish at Step Five that work exists in significant numbers in the national economy which the claimant, taking into account her age, education, work experience, and RFC, can perform. *Dikeman v. Halter*, 245 F.3d 1182, 1183 (10th Cir. 2001). Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. 20 C.F.R. § 404.1520.

Plaintiff raises two issues in this appeal: 1) whether the ALJ failed to properly evaluate the medical source opinions of his treating physicians;[3] and 2) whether the ALJ's credibility finding was supported by substantial evidence.

## III.   Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision was supported by substantial evidence; and second, whether the correct legal standards were applied. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, "[a] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."

*Id.* (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) and *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988)) (brackets in original).

Generally, my assessment is based on a "meticulous" review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *Id.* However, this case can be resolved on an error of law. Therefore, all portions of the record that bear on the legal argument raised by Plaintiff have been read and carefully considered, but I did not review every single page of the medical documents in detail, as is normally the case. *See Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) ("we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the ALJ's findings in order to determine if the **substantiality test** has been met." (citations

---

[3] Plaintiff's brief separates the ALJ's evaluation of the treating source opinions into two separate issues based on the first and second prong of the "treating physician's rule." Doc. 15-1 at 1. In this opinion, that evaluation is analyzed as one issue.

**3**

omitted and emphasis added); *Candelario v. Barnhart*, 166 F. App'x 379(10th Cir. 2006) ("'[I]f the ALJ failed to apply the correct legal test, there is a ground for reversal **apart from** a lack of substantial evidence.' *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).") (emphasis added).

## IV.     Discussion

Treating physicians may offer an opinion with regard to the claimant's symptoms, diagnosis, and prognosis, as well as her work-related physical and mental limitations. *Castellano v. Secretary of Human Services*, 26 F.3d 1027, 1029 (10th Cir. 1994). Pursuant to the so-called "treating physician rule," the Commissioner will give more weight to the opinions of treating medical sources than those from non-treating sources." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). When presented with a treating medical source opinion, the ALJ must first determine whether the opinion is entitled to "controlling weight," and if not, "treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in § 404.1527."[4] *Langley*, 373 F.3d at 1119 (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)).

This analysis is sequential. Thus, in determining whether a treating physician's opinion is entitled to controlling weight, the ALJ must first consider "whether the opinion

---

[4] Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Langley*, 373 F.3d at 1119 (quoting *Watkins*, 350 F.3d at 1301).

is well supported by medically acceptable clinical and laboratory diagnostic techniques and the opinion "is consistent with the other substantial evidence in the record." *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). "If the answer to both these questions is 'yes,' he must give the opinion controlling weight." *Id.*; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) ("A finding at this stage (as to whether the opinion is either unsupported or inconsistent with other substantial evidence) is necessary so that we can properly review the ALJ's determination on appeal.").

If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, the inquiry does not end. "[T]he ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id*. If the ALJ decides to assign it some other weight, the ALJ must give good reasons "that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating sources medical opinion and the reasons for that weight.'" *Langley,* 373 F.3d at 1119 (quoting *Watkins,* 350 F.3d at 1301) (internal quotations omitted). Should the ALJ reject the opinion completely, "he must then give specific, legitimate reasons for doing so." *Id*.

In this case, the ALJ did not address whether the opinions of treating doctors Yaroch and Horne qualified as opinions entitled to controlling weight. Instead, the ALJ ignored that required step in the analysis and leapt to his own conclusion of the appropriate weight to be given to those opinions. In other words, the ALJ determined that Dr. Yaroch's medical source statement was entitled to "limited weight" without first determining whether it was well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence in the

record.  AR 19.  True, the ALJ supported his conclusion by considering the factors found at 20 C.F.R. 404.1527(d) as is appropriate *__if__* an opinion fails to qualify for controlling weight consideration.  AR 9.  But that analysis should take place only *__after__* the ALJ finds that the opinion fails to meet the two requirements of the treating medical source rule for application of "controlling weight."

Even more troubling, the ALJ gave Dr. Horne's medical source statement "limited weight" by simply pronouncing it to be inconsistent with the record as a whole.  AR 19.  These finding constitute error – an ALJ cannot skip the necessary steps to be followed in evaluating medical source statements of treating physicians in determining the weight to which they should be given.

Finally, the Commissioner's post-hoc effort to provide explanations cannot salvage the ALJ's decision.  *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (finding the magistrate judge erred in upholding the Commissioner's decisions by supplying possible reasons for giving less weight to or rejecting the treating physician's opinion rather than evaluating the ALJ's decision based solely on the reasons stated therein).

Because I conclude that the ALJ failed to apply the correct legal standard when evaluating the medical source opinions of Plaintiff's treating doctors, I will not address Plaintiff's remaining claims of error.  *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reverse or remand *(Doc. 15)* is **granted**.  The Court will enter an order pursuant to Rule 58 of the Federal Rules of Civil Procedure remanding this action for further proceedings.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent