IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARK S. WELLMAN,

             Plaintiff,

v.                                     CIV 13-1122 KBM

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

             Defendant.


## ORDER ON EAJA FEES REQUEST

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") *(Doc. 21).*  The Court has reviewed the motion and briefs submitted by the parties and the relevant authorities.  The Court finds that the motion is well taken in part and will be granted in part.

In the reply brief, Plaintiff concedes that he inadvertently included charges for clerical work that is not recoverable.  He has therefore reduced his request by 3.1 hours to eliminate that work, but now seeks an additional 2.0 hours reimbursement for his time spent reviewing the Defendant's response to motion and preparing the reply.  Thus, he now seeks a total EAJA fee award of $8,916.40 based upon 45.3 hours of attorney time at $188 per hour ($8,516.40) and expenses of $400.

As Magistrate Judge Stephan Vidmar has noted,

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse

> prevailing parties for only those fees and expenses actually needed
> to achieve the favorable result." *Role Models Am.*, 353 F.3d at 975.
> The Tenth Circuit recognizes that attorneys typically do not bill a
> client for every hour expended in litigation, and they should exercise
> "billing judgment" regarding the amount of hours actually billed. *Ellis
> v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998)
> (citing *Hensley*, 461 U.S. at 437). To show appropriate billing
> judgment, an attorney should make a good-faith effort to exclude
> those hours from the request that are excessive, redundant, or
> otherwise unnecessary. *Id.* The Court has a corresponding obligation
> to exclude hours "not reasonably expended" from the calculation. *Id.*

*Romero v. Colvin*, CIV 11-0994 JB/SMV, *Doc. 43* (March 20, 2014).  As Defendant

demonstrates, and Plaintiff acknowledges, courts generally have determined a range of

20-40 attorney hours as reasonable in pursuing a disability benefits appeal.  *See

Doc.22* at 4-5 and *Doc. 23* at 2.  Clearly more hours can be justified where the

administrative record is especially extensive or where novel or complex issues are

presented.

        Unfortunately for Plaintiff, neither of those situations is presented in the instant

appeal.  The administrative record, which includes the medical history documents, was

of a length typically presented in disability appeals.  Moreover, the issue presented

which justified remand – whether the Administrative Law Judge improperly evaluated

the opinions of treating physicians medical sources – is a common question in such

cases.  Here, the issue was especially straightforward.  The Court specifically found that

> [i]n this case, the ALJ did not address whether the opinions of treating
> doctors Yaroch and Horne qualified as opinions entitled to controlling
> weight. Instead, the ALJ ***ignored*** that required step in the analysis and
> leapt to his own conclusion of the appropriate weight to be given to
> those opinions. In other words, the ALJ determined that Dr. Yaroch"s
> medical source statement was entitled to "limited weight" without first
> determining whether it was well-supported by medically acceptable
> clinical and laboratory diagnostic techniques and consistent with other
> substantial evidence in the record. AR 19. True, the ALJ supported his
> conclusion by considering the factors found at 20 C.F.R. 404.1527(d) as
> is appropriate *if* an opinion fails to qualify for controlling weight

2

> consideration. AR 9. But that analysis should take place only **after** the ALJ finds that the opinion fails to meet the two requirements of the treating medical source rule for application of "controlling weight." Even more troubling, the ALJ gave Dr. Horne"s medical source statement "limited weight" by simply pronouncing it to be inconsistent with the record as a whole. AR 19. These finding constitute error – an ALJ cannot skip the necessary steps to be followed in evaluating medical source statements of treating physicians in determining the weight to which they should be given.

*Doc.19* at 5-6 (emphasis added). Thus, this appeal seems to fall within the heartland for which no more than 40 hours of attorney time would be expected as reasonable compensation.

Mr. Fischer's affidavit further muddies the inquiry of reasonableness because he often combines the time spent researching the clearly established legal issue of "controlling weight and weight to be given physicians opinions" with time he spent reviewing records and drafting his briefs. *See Doc. 21-1.* Of those 17.8 hours, at most a few should have been spent on such research. Thus, with the exercise of billable judgment rather than relying on raw hours expended, the Court determines that recovery for 35 hours of attorney time represents reasonable compensation in prosecuting this appeal.

Supreme Court precedent is clear that EAJA also permits recovery of attorney time spent in defending an application for a fee award:

> Indeed, this Court has previously acknowledged that work performed in defending a fee application is relevant to a determination of attorney's fees. In *Commissioner v. Jean*, 496 U. S. 154–166 (1990), the Court held that fee-defense work is compensable under the Equal Access to Justice Act, 28 U. S. C. §2412(d)(1)(A). The Court quoted with approval the Second Circuit's statement that "[d]enying attorneys' fees for time spent in obtaining them would dilute the value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees." 496 U. S., at 162 (quoting *Gagne v. Maher*, 594 F. 2d 336, 344 (1979); internal quotation marks omitted).

3

*Baker Botts L.L.P. v. ASARCO LLC*, slip op. at 2 (June 15, 2015) (Breyer, J., dissenting). The Court concludes that the additional 2 hours requested for preparation of the reply brief in defending the fee application to be reasonable.

In conclusion, as reasonable compensation under EAJA, the Court will award 37 hours of attorney time at the rate of $188 per hour for a total of $6,956 and expenses of $400.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act *(Doc. 21)* is granted in part.  Attorney fees and expenses are hereby awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $7,356.  *See Astrue v. Ratliff*, 130 U.S. 2521 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that**,** if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent